# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:07CR-12-JHM**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                      **MEMORANDUM OPINION AND ORDER**

**CANAL BARGE COMPANY, INC.**
**PAUL D. BARNES**
**JEFFERY A. SCARBOROUGH**
**and RANDOLPH MARTIN**                                     **DEFENDANTS**

This matter came before the Court for a pretrial conference on March 3, 2008. The parties raised seven pretrial issues. The Court addresses some of these issues below.

### 1. Deckhand Statements

Pursuant to Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, Canal Barge Company moves for disclosure of the post-employment statements of deckhands Mitchell Jesselink and Ian Beckman. Fed. R. Crim. P. 16(a)(1)(C) provides:

> Upon a defendant's request, if the defendant is an organization, the government must disclose to the defendant any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:
>
> (I) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or
>
> (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

After Jesselink and Beckman left the employ of Canal Barge Company, these witnesses gave additional statements to investigators and in grand jury proceedings. The Government has not disclosed these additional statements to the defense maintaining that these statements are not discoverable under Fed. R. Crim. P. 16(a)(1)(C) because these deckhands cannot legally bind Canal Barge Company.

Under Rule 16(a)(1)(C), the Government's disclosure obligation "extends to relevant statements made by agents of a corporate defendant who (i) are able to bind the defendant regarding the subject matter of their statements because of their position, or (ii) were personally involved in the alleged wrongful conduct and were capable of binding the defendant regarding that conduct because of their position." United States v. Chalmers, 2006 WL 1062917, *2 (S.D.N.Y. April 18, 2006).

Based on a review of the *in camera* witness list filed by the United States, both Jesselink and Beckman appear to be fact witnesses and will testify about their observations on the M/V Hagestad and M/V Jones. Based on the Government's representations at the pretrial conference, it will not attempt at trial to use these past employees' statements or conduct to bind Canal Barge Company. Therefore, at this time, the Court finds that the post-employment statements of these witnesses are not discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(C). However, the Court has not reviewed the full statements of these witnesses and would like to review them to insure that there are no statements that appear to go beyond mere factual testimony. **No later than March 6, 2008,** the Government shall provide to the Court the statements of Mitchell Jesselink and Ian Beckman for *in camera* review.

**2. Hypothetical Questions to Non-Defendant Canal Barge and ACBL Captains**

Defendants seek to exclude any hypothetical questions posed by the United States to non-defendant Canal Barge and ACBL Captains. Defendants argue that such testimony is expert testimony and should be excluded because these witnesses were not disclosed. After consideration of the arguments, the Court finds that such testimony is not expert testimony and is properly admissible.

**3. 404(b) Evidence**

Defendants, Paul Barnes and Canal Barge Company, move to exclude proposed Rule 404(b) evidence [DN 59]. The United States gave notice that it intended to offer proof of a Notice of Violation ("NOV") issued by the Coast Guard to Defendant, Canal Barge Company, for failure to provide written notification to the Coast Guard of a marine casualty that occurred on January 29, 2005. Under regulations by the United States Coast Guard, the person in charge of a vessel must notify the nearest Marine Safety Office whenever a vessel is involved in a marine casualty and then must file a written report of the marine casualty within five days of the incident. 46 C.F.R. §§ 4.05-1, 4.05-10. The Government argues that Canal Barge Company's previous citation for failure to comply with the marine casualty notification requirement is probative of Canal Barge Company's knowledge of Coast Guard reporting requirements and demonstrates that the failure to notify the Coast Guard of the breach of CBC-222 was willful.

Rule 404(b) prohibits evidence of other acts to be introduced to prove action in conformity therewith at a later time. Such evidence, however, may be admissible for other

purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). To be admissible, the "other acts" need not be identical to the crime charged; however, they must "deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried." United States v. Blankenship, 775 F.2d 735, 739 (6th Cir. 1985).

First, the Court rejects the Government's claim that the NOV is proof of knowledge of the reporting requirements. Knowledge of the reporting requirements is not an element of the Ports and Waterways Safety Act charge. Additionally, Defendants have not argued that Canal Barge did not know it needed to report a hazardous condition. Instead, the question related to knowledge in the present case is whether Canal Barge Company knew that the benzene leak was of such a nature to constitute a hazardous condition which would trigger an obligation to report it. Thus, evidence which shows knowledge of a reporting requirement for a marine casualty does not prove or disprove that Canal Barge Company knew this benzene leak constituted a hazardous condition.

Second, the Court similarly rejects the Government's argument that the Rule 404(b) evidence is proof of willfulness or absence of mistake or accident in the present case. There is nothing about the marine casualty reporting incident that shows that Canal Barge Company should have known that the benzene leak was a hazardous condition. Thus, the marine casualty incident does not prove or disprove whether Canal Barge Company's conduct in this case was willful or the result of an honest mistake.

The 404(b) evidence offered by the Government in this case is simply propensity

4

evidence. It only suggests that if Canal Barge willfully failed to report a marine casualty once, it probably willfully failed to report a hazardous condition in the present case. Such evidence is improper. For these reasons, the Defendants' motion to exclude the Government's proposed Rule 404(b) evidence [DN 59] is **granted.**

### 4. Other Issues

The Court is still considering the issue of superseding cause. As requested by counsel, the Court will fax to counsel previous jury instructions given in cases regarding definitions of knowingly and willfully.

cc: counsel of record