**FILED**

Jeffrey A. Apperson, Clerk

MAR 2 1 2008

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:07CR-12-JHM**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**

**CANAL BARGE COMPANY, INC.**
**PAUL D. BARNES**
**JEFFERY A. SCARBOROUGH**
**and RANDOLPH MARTIN**                                             **DEFENDANTS**

### JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions,

or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendants are presumed innocent. The presumption of innocence remains with them unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that they are guilty. The defendants have no obligation to present any evidence at all or to prove to you in any way that they are innocent. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the

witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)      Arguments and statements by lawyers are not evidence;

2)      Questions and objections by lawyers are not evidence;

3)      Testimony I have instructed you to disregard is not evidence; and,

4)      Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

3

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one

side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CORPORATIONS

The Defendant, Canal Barge Company, is a corporation. The fact that it is a corporation should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

## DEFENDANTS' ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that they did not testify and some did not present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a

reasonable doubt.  It is not up to the defendants to prove that they are innocent.

I will now explain the elements of the crimes that the Defendants are accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1 -- Conspiracy to Violate the Ports and Waterways Safety Act

Count 1 of the Indictment charges that from a time no later than June 16, 2005, and continuing thereafter until on or about June 20, 2005, in the Western District of Kentucky, Henderson County, Kentucky, and elsewhere, the Defendants, Canal Barge Company, Inc., Paul Barnes, Jeffery Scarborough, and Randolph Martin, knowing of a hazardous condition aboard a vessel, did knowingly and willfully conspire with each other and others to fail to immediately notify the nearest Coast Guard Marine Safety Office of a hazardous condition in violation of the Ports and Waterways Safety Act, 33 U.S.C. § 1232(b)(1). It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First,** that two or more persons knowingly and willfully conspired, or agreed, to commit the crime of failing to immediately report a hazardous condition as defined in Instruction No. 2;

**Second,** that the defendant knowingly and voluntarily joined the conspiracy; and

**Third**, that a member of the conspiracy did at least one of the overt acts listed in the Indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the government has proved each of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

## Agreement

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of failing to immediately report a hazardous condition.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proven an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of failing to immediately report a hazardous condition. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## Defendants' Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved, for each defendant, that the defendant knowingly and voluntarily joined that agreement. To convict a defendant, the government must prove that the defendant knew the conspiracy's main purpose, and that the defendant voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that the defendant was a member of it from the very beginning,

8

nor does it require proof that a defendant played a major role in the conspiracy, or that the defendant's connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that the defendant voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that the defendant knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Overt Acts

The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

The indictment lists 8 overt acts:

(1) On or about June 16, 2005, after being notified that there was a crack in barge 222, defendant Scarborough notified the CBC dispatch office of the crack in the barge but did not notify the United States Coast Guard of the crack;

(2) On or about June 16, 2005, defendant Scarborough directed the crew of the M/V

Hagestad not to talk about the leak over the radio;

(3) On or about June 16, 2005, defendant Martin operated the M/V Hagestad so that defendant Scarborough and other employees of defendant CBC could repair the crack in barge 222;

(4) On or about June 16 and but not later than June 20, 2005, defendants Scarborough and Martin generated and signed a vessel log summarizing the events of the day but concealed and did not otherwise document that there was a crack in barge 222, that benzene leaked from the crack into the river, and that Scarborough patched the crack with "red hand;"

(5) On or about June 16, 2005, after advising defendant Scarborough to patch the crack in barge 222, defendant Barnes directed an employee of defendant CBC to locate barge 222 and verify that the crack was covered;

(6) On or about June 17, 2005, as directed by defendant Barnes, a maintenance superintendent for defendant CBC located and boarded barge 222 while it was staged near Cairo, Illinois, to confirm that the crack was still covered.  After checking the patch he contacted defendant Barnes and advised him that the crack was still covered and was not leaking;

(7) When employees of the fleeting area near Cairo, Illinois, inquired about the condition of barge 222, a maintenance superintendent for defendant CBC made representations to the employees which lead them to believe that the crack in barge 222 had been properly repaired; and

(8) Sometime between June 16 and June 18, 2005, an employee of defendant CBC painted the patch covering the crack in barge 222, which was red, with a grey paint similar to the color of the barge.

The government does not have to prove that all these acts were committed, or that any

10

of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential. Furthermore, to convict any defendant of conspiracy, you must unanimously agree upon which alleged overt act was committed.

## INSTRUCTION NO. 2

### Count 2 – Violation of the Ports and Waterways Safety Act

Count 2 of the Indictment charges that from on or about June 16, 2005, and continuing thereafter until on or about June 20, 2005, in the Western District of Kentucky, Henderson County, Kentucky, and elsewhere, the Defendants, Canal Barge Company, Inc., Paul Barnes, Jeffery Scarborough, and Randolph Martin, each aided and abetted by the other, knowing of a hazardous condition aboard a vessel, knowingly and willfully failed to immediately notify the nearest Coast Guard Marine Safety Office of a hazardous condition in violation of the Ports and Waterways Safety Act, 33 U.S.C. § 1232(b)(1).

For you to find any one of the defendants guilty of this crime, you must find that the government has proved each of the following elements beyond a reasonable doubt:

**First,** there was a hazardous condition on barge CBC 222;

**Second**, that the defendant knew the circumstances presented a hazardous condition;

**Third**, that the defendant was an owner, agent, master, operator, or person in charge of the vessel; and

**Fourth**, that the defendant willfully and knowingly failed to immediately notify the nearest Coast Guard Marine Safety Office or Group Office of the hazardous condition.

"Hazardous condition" means any condition that may adversely affect the safety of any vessel, bridge, structure, or shore area or the environmental quality of any port, harbor, or navigable waterway of the United States. It may, but need not, involve collision, allision (that is, a moving vessel striking a stationary one), fire, explosion, grounding, leaking, damage, injury or illness of a person aboard, or manning-shortage.

"Agent" means any person, partnership, firm, company, or corporation engaged by the owner of a vessel to act in their behalf in matters concerning the vessel. "Operator" means

12

any person including, but not limited to, an owner, a charterer, or another contractor who conducts, or is responsible for, the operation of the vessel.   A "master" is one who commands the vessel and is responsible for the care and direction of the vessel. A "person in charge" of a vessel is one who has control over the vessel and is responsible for its operation.

"Vessel" means every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water.

The word "willfully" means that the act was committed voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, an intentional violation of a known legal duty.  The government need not prove that the defendant knows of the specific law his conduct is violating; however, the government must prove that the defendant knew his conduct was unlawful.  Acts done as a result of accident, mistake, negligence, or inadvertence are not done "willfully."

If you are convinced that the government has proved all of these elements beyond a reasonable doubt with respect to each separate defendant, then say so by returning a guilty verdict for that particular defendant.  If you have a reasonable doubt about any one of these elements as to any particular defendant, then you must find that defendant not guilty.

## INSTRUCTION NO. 3

### Aiding and Abetting

For you to find any one of the defendants guilty of the crime of knowingly and willfully failing to immediately report a hazardous condition in violation of the Ports and Waterways Safety Act as defined in Count 2, it is not necessary for you to find that the Defendant personally committed the crime. Instead, you may also find a defendant guilty if the Defendant intentionally helped or encouraged someone else to commit the crime. A person who does this is called an "aider and abettor."

But for you to find a defendant guilty of a charge as an aider and abettor, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

**First**, that the crime was committed;

**Second**, that the defendant helped to commit the crime or encouraged someone else to commit the crime; and

**Third**, that the defendant intended to help commit or encourage the crime.

Proof that a defendant may have known about the crime, even if the defendant was there when it was committed, is not enough for you to find the defendant guilty. You can consider this in deciding whether the government has proved that the defendant was an aider and abettor, but without more it is not enough.

What the government must prove is that a defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of that charge as an aider and abettor.

## INSTRUCTION NO. 4

### Good Faith

The good faith of the defendant is a complete defense to the charge of willfully and knowingly failing to immediately report a hazardous condition because good faith on the part of the defendant is, simply, inconsistent with willfulness.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

This is so even if the defendant's belief was not objectively reasonable, as long as the defendant held the belief in good faith, although you may consider the reasonableness of the defendant's belief together with all the other evidence in this case in determining whether the defendant held the belief in good faith.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with willfulness.

If the evidence in this case leaves you with a reasonable doubt as to whether a particular defendant acted with willfulness or in good faith, you must acquit that defendant.

Good faith is not a defense to the charge contained in Count 3 of the Indictment.

## INSTRUCTION NO. 5

### Count 3 – Violation of the Clean Water Act

Count 3 of the Indictment charges that on or about June 20, 2005 in the Western District of Kentucky, Henderson County, Kentucky, and elsewhere, the Defendants, Canal Barge Company, Inc., Paul Barnes, Jeffery Scarborough, and Randolph Martin, negligently discharged and caused to be discharged a pollutant into navigable waters without a permit in violation of the Clean Water Act, 33 U.S.C. § 1319(c)(1)(A).

For you to find any one of the defendants guilty of this crime, you must find that the government has proved each of the following elements beyond a reasonable doubt:

**First**, there was a discharge of a pollutant from a point source into navigable waters;

**Second**, the defendant did not have a permit from the United States Environmental Protection Agency or an authorized State to discharge the pollutant; and

**Third**, the discharge was caused by the defendant's negligence.

The parties stipulate and agree that the Defendants did not have a permit from the United States Environmental Protection Agency or an authorized State to discharge the pollutant and that this element of the crime charged in Count 3 of the Indictment is not in dispute.

The term "discharge of a pollutant" means any addition of any pollutant to navigable waters from any point source.  Benzene is a pollutant under federal law.

A "point source" means any vessel or other floating craft from which pollutants are or may be discharged.

The term "navigable waters" means the waters of the United States, including the territorial seas.

"Negligence" is the failure to use reasonable care. Reasonable care is that amount of

care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In order to prove that a particular defendant caused the negligent discharge of a pollutant alleged in Count 3 of the indictment, the government must prove beyond a reasonable doubt that the defendant's conduct was a substantial factor in bringing about the discharge, and that the discharge was either a direct result or a reasonably probable consequence of the conduct.

If you find that a defendant was negligent but that the actual discharge was the result of a superseding cause, such as the act of a second person, and that a reasonably prudent person would not have foreseen an act of the kind committed by the second person as a probable consequence of defendant's negligence, then defendant is not responsible for the action and you must find defendant not guilty of a negligent violation of that law. The foreseeability of another's actions is viewed from a reasonable person's perspective at the time, and not in hindsight.

The Government is not required to prove that a specific amount of pollutant has been discharged or that any discharge or pollutants in fact caused any damage or harm to the environment.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt with respect to each separate defendant, then say so by returning a guilty verdict for that particular defendant. If you have a reasonable doubt about any one of these elements as to any particular defendant, then you must find that defendant not guilty.

17

## INSTRUCTION NO. 6

### Corporate Responsibility

Defendant Canal Barge Company is a corporation. A corporation may be found guilty of a criminal offense.

A corporation can act only through its agents—that is, its directors, officers, employees, and other persons authorized to act for it.

To find a corporate defendant guilty you must find beyond a reasonable doubt that:

**First,** each element of the crime charged against the corporation was committed by one or more of its agents;

**Second,** in committing those acts the agent(s) intended, at least in part, to benefit the corporation; and

**Third**, each act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment it must relate directly to the performance of the agent's general duties for the corporation. It is not necessary that the act itself have been authorized by the corporation.

If an agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to his employer's instructions or against the corporation's policies will not relieve the corporation of responsibility for it.

You may, however, consider the existence of corporate policies and instructions and the diligence of efforts to enforce them in determining whether the agent was acting with intent to benefit the corporation or within the scope of his employment.

## INSTRUCTION NO. 7

### Personal Responsibility of Corporate Agent

A person is responsible for acts which he performs, or causes to be performed, on behalf of a corporation, just as he is responsible for acts performed on his own behalf. This is so even if he acted on instructions of a superior.

## INSTRUCTION NO. 8

### Definitions

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

## INSTRUCTION NO. 9

### Separate Consideration of the Charges

The defendants have been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on the other defendants or any of the other charges.

## INSTRUCTION NO. 10

### Character and Reputation of Defendants

You have heard testimony about the defendants' good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that the defendants committed the crimes charged.

22

## INSTRUCTION NO. 11

### Impeachment by Prior Inconsistent Statement Not Under Oath

You have heard the testimony of Dean Barnett, Aaron Lewis, Mitchell Jesselink, Clyde Moore, and Simpson Kemp. You have also heard that before this trial they made statements that may be different from their testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable their testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

## INSTRUCTION NO. 12

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 13

If you decide that the government has proved the Defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendants guilty beyond a reasonable doubt.

### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendants guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt. To find the defendants not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you

26

think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may

send a note through the Marshal signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.