## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:07CR-12-JHM**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**v.**              **MEMORANDUM OPINION AND ORDER**

**CANAL BARGE COMPANY, INC.**
**PAUL D. BARNES**
**JEFFERY A. SCARBOROUGH**
**and RANDOLPH MARTIN**                                       **DEFENDANTS**

This matter is before the Court on a motion by the Government to reconsider the Court's November 25, 2008 Order granting Defendants' joint motion for acquittal based on lack of venue [DN 104]. The Government argues that reconsideration of the November 25 Order is appropriate because Defendants waived the right to challenge venue by failing to raise the issue before trial. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the motion by the Government to reconsider is denied.

## Background

Both after the close of the Government's case-in-chief and in a written motion for judgment of acquittal, the Defendants raised the argument that venue for the Ports and Waterways Safety Act ("PWSA") offense charged in Count 2 of the Indictment was not proper in the Western District of Kentucky. In response to both of these motions, the Government argued that venue was proper in the Western District of Kentucky for Count 2 because the PWSA offense is a continuing offense concluding in the Western District of

Kentucky. On November 25, 2008, the Court issued a Memorandum Opinion and Order granting Defendants' motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. The Court found that venue was not proper in the Western District of Kentucky for the PWSA offense charged in Count 2 because the crime is not a continuing offense pursuant to 18 U.S.C. § 3237(a). The Court found that the offense was complete at the time the Defendants failed to immediately notify the Coast Guard of the hazardous condition which occurred on the Mississippi River prior to entry into the Western District of Kentucky.

On December 22, 2008, the Government filed a motion to reconsider the Court's November 25, 2008 Order based on a new legal argument. The Government argues that the Defendants waived the right to challenge venue by failing to raise the issue before trial. Specifically, the Government maintains that the Defendants were aware of the Government's theory that the offense charged was a continuing offense with chargeable acts occurring in districts other than the Western District of Kentucky, and thus, the Defendants' failure to raise the issue prior to trial constituted waiver of venue under United States v. Grenoble, 413 F.3d 569 (6th Cir. 2005).

In response, Defendants contend that the Government's motion for reconsideration should be denied because the Government's waiver-of-venue argument is untimely. Defendants maintain that issues raised for the first time in a motion for reconsideration are raised too late, and are therefore abandoned. Alternatively, Defendants argue that they timely raised their venue argument.

**Motion to Reconsider**

"The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." United States v. Jarnigan, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008); see also United States v. Abernathy, 2009 WL 55011 (E.D. Mich. Jan. 7, 2009); United States v. Titterington, 2003 WL 23924932, *1 (W.D. Tenn. May 22, 2003); United States v. Sims, 252 F. Supp. 2d 1255, 1260-61 (D. N.M. 2003); United States v. Thompson, 125 F. Supp. 2d 1297, 1300 (D. Kan. 2000). "Such motions may be made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." Jarnigan, 2008 WL 5248172, *2 (citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" Abernathy, 2009 WL 55011, *1 (citation omitted). See also Electric Ins. Co. v. Freudenberg-Nok, General Partnership, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position.")  Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).

In support of its motion to reconsider, the United States argues that "it would constitute manifest error if the defendants were aware of the venue issue prior to trial, let jeopardy attach, took their chances with the jury, and subsequent to conviction claimed that justice demands they should have been tried in the Eastern District of Missouri or Southern District of Illinois." (DN 106, Government's Reply to Defendants' Response to Motion to Reconsider at 2 n. 1.)

Manifest injustice has been defined as "'[a]n error in the trial court that is direct, obvious, and observable.'" Jarnigan, 2008 WL 5248172, *2 (quoting Tenn. Protection & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir.2004) (alteration in original) (quoting Black's Law Dictionary 974 (7th ed. 1999))). "[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." Id. (quoting McDaniel v. Am. Gen. Fin. Servs., Inc., 2007 WL 2084277, *2 (W.D. Tenn. July 17, 2007)).

The Court is unpersuaded by the Government's argument that a manifest injustice would occur if its motion to reconsider is denied. Even assuming error occurred, the Government cannot credibly argue that the error was "direct, obvious, and observable" given that the Government failed to raise the waiver-of-venue argument in the first place. The situation in which the Government finds itself is due solely to the fact that it failed to raise the waiver issue. The Government could have raised this issue in response to Defendants' motion for acquittal at the close of the Government's case-in-chief or in response to

4

Defendants' written motion for judgment of acquittal. The Government has not sought to justify its failure to raise the waiver issue earlier, and there is no reason why the Government could not have done so. Rule 59(e) motions are not intended to provide the Government with a second opportunity to bring before the Court theories or arguments that could have been advanced earlier. See, e.g., Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007)("[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."); United States v. Thompson,125 F. Supp. 2d 1297 (D. Kan. 2000); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). "Manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." In re King, 2005 WL 4030049, *5 (S.D. Ohio July 15, 2005)(citing Ciralsky v. C.I.A., 355 F.3d 661, 673 (D.C. Cir. 2004)). For these reasons, the Court finds that the Government failed to demonstrate manifest injustice requiring a reconsideration of the November 25 Order based on the Government's new legal argument.

Accordingly, **IT IS HEREBY ORDERED** that the motion by the Government to reconsider the Court's November 25, 2008, Memorandum Opinion and Order [DN 104] is **denied**.

cc: counsel of record